JANE DOE
Self Represented
Propia Persona
8306 WILSHIRE BLVD
#2020
LOS ANGELES
CALIFORIA, 90211
424-379-3619
FAIRNESSINCOURTCASES@GMAIL.COM

FILED
CLERK, U.S. DISTRICT COURT
7/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe | Case No. 8:23-cv-01283-DOC(KESx) |
| Plaintiff, | **UNLIMITED CIVIL, DEMAND OVER $75,000.00** |
| vs. | **COMPLAINT FOR:** |
| Gregory Brown | 1. **BREACH OF CONTRACT** |
| Brown and Charbonneau LLP, | 2. **FRAUD-INTENTIONAL MISREPRESENTATION** |
| | 3. **BREACH OF FIDUCIARY DUTY** |
| and DOES 1-100 | 4. **PROFESSIONAL NEGLIGENCE (LEGAL MALPRACTICE);** |
| Defendants. | 5. **CIVIL THEFT** |

Plaintiff, JANE DOE, hereby complains and alleges as follows:

1. Plaintiff Jane Doe, (hereinafter referred to as Plaintiff) is now, and all times herein mentioned were, individuals residing in the City of Los Angeles, County of Los Angeles, State of California.

2. Defendant Gregory Brown and Brown And Charbonneau LLP (hereinafter referred to as Defendant) upon information and belief, is now, and at all times mentioned herein was, an individual, and a licensed attorney doing business in the City of Irvine , County of Orange, State of California.

3. This court is the proper court for trial in this action in that the legal services that were provided by Defendant Gregory Brown to Plaintiffs were provided in the City of Irvine, County of Orange, State of California.

4. Plaintiffs are unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 100 inclusive, and therefore sue them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

5. At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 100, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages they have incurred.

# FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AS AGAINST DEFENDANT ALL DEFENDANTS

6. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 5, inclusive, of this complaint, as though set forth hereat.

7. On or about MARCH 2020, Plaintiffs entered into a contract with Defendant BROWN AND CHARBONNEAU LLP. The contract specified that Defendant GREGORY BROWN AND BROWN AND CHARBONNEAU would provide legal services to Defendants, in THREE LEGAL DISPUTES WHERE PLAINTIFF HAD BEEN ABUSED AND EXPLOITED BY THE DEFENDANTS. Plaintiffs paid Defendant an initial retainer of $190,000.00 when said contract was entered into.

8. On or about march 2022, Defendant Gregory Brown breached said contract by withdrawing from a case key in vindicating plaintiffs rights in all the abuse of process and willful misconduct she had endured at the hands of lawyers and exploiters.  Knowing the case was set for trial and after not doing any adequate legal work to prepare the case for trial, lying to plaintiff about his intentions to take the case to trial and secretly filing a motion to withdraw from  the case after billing plaintiff in excess of $100,000.00 for preparing for trial.  Very little legal work was done in preparation for trial. Plaintiff only found out about the motion to withdraw from defense  counsel a short time before the court hearing as Gregory Brown intentionally did not serve plaintiff the motion to with draw nor did he tell her about it when he spoke to her on the phone. Gregory  brown acted with malice by overly filing and exciting a motion to withdraw without informing plaintiff of such

motion Gregory Brown did this covertly so that defendants in that case could obtain a judgement against plaintiff for their fraudulent fees and walk away free of any repercussions for their theft and egregious and diabolical legal malfeasance.

9.     On or about March 2022, Defendant Gregory BROWN breached said contract by failing to do legal work to advance playoffs legal cases. Specifically Defendant failed to prepare for trial properly, lied to Plaintiff and then abandoned plaintiff in Pro Se. Defendant failed to adequately appeal a second case. In a third case he did zero to represent plaintiffs legal position.

10.    Plaintiffs have performed all of the terms and conditions required to be performed by them under the terms of the contract, except those obligations Plaintiffs were prevented or legally excused from performing.

11.    As a proximate result of the actions of Defendant GREGORY BROWN AND BROWN AND CHARBONNEAU, Plaintiff has been

damaged as follows, Plaintiff has not prevailed in any case and has no legal resolution for all of the monetary damages owed to her. If not for the unethical misconduct and theft by her attorney plaintiff would have prevailed in all cases had her attorneys not intentionally caused damage to her claims against defendants in the cases in which Brown and Charbonneau represented her if they would have not planned from the beginning to merely delay and not do any actual legal work and only drain plaintiffs attorney/client trust account.

Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial.

12. Plaintiffs will incur attorney fees and costs in this action. Pursuant to the terms of the written contract entered into with Defendant Gregory Brown, Plaintiff is entitled to recover their reasonable attorney fees and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION

## FRAUD-INTENTONAL MISREPRENTATION AS AGAINST DEFENDANT AND DOES 1 through 100, inclusive,

13. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 12 inclusive, of this complaint as though set forth hereat.

14. On or about March 2020, Plaintiffs entered into a contract with Defendant Gregory Brown And Brown and Charbonneau LLP. The contract specified that Defendants would provide legal services to Plaintiff, in the case. Defendants were provided $190,000.00 in plaintiffs attorney client trust account.

15. At the time that Plaintiffs entered into the contract with Defendant Gregory Brown and his law firm as herein alleged, and at Irvine, California, Defendant made verbal representations that he was an experienced attorney who knew Legal Mal practice, contract law and civil litigation, and that due to his specialized knowledge and experience they would have no problem winning the case.

16. The representations made Defendant Gregory Brown were in fact false. The true facts were that Defendant was not a competent attorney as he alleged that even though plaintiff had a prima facie case against a prior lawyer who committed the worst legal malpractice any lawyer possible could by intentionally harming plaintiffs case and destroying critical evidence he simply

decided he would not bother to take the case to trial because he felt plaintiff would not be awarded over and above a judgement procured through no fault of her own by a defendant who committed extrinsic fraud upon the court, and further Gregory Brown had absolutely no intention whatsoever of competently representing Plaintiffs in the case. The actual intent was to induce Plaintiffs to enter into the contract with Defendant Gregory Brown and Brown and Charbonneau so he could unjustly enrich himself and convert her money into his own through fraudulent inducement.

17.  At the time that the representations were made to Plaintiff and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of the falsity of these representations, and believed them to be true. In reliance upon these representations, Plaintiff was induced to and did, enter into a contract with defendant Gregory Brown and his Law firm, and to pay the sum of $190,000.00 to Defendant $100,000.00 as a retainer, and to pay an additional $50,000.00 for an expert and subsequent to the signing of the contract blatantly stole $40,000.00 from plaintiffs attorney client trust account which plaintiff never agreed to pay defendant. Had Plaintiff known the actual facts, they would not have taken such action. Plaintiffs' reliance on Defendants' representations was justified in that Plaintiff enjoyed a special relationship of trust and confidence with the Defendants. Plaintiffs had no reason to distrust Defendants in any way he exerted he was a really ethical trial specialist.

24.  At all times herein mentioned, Plaintiff reposed great trust and confidence in Defendants, and each of them, and Defendants, by words and deeds directly and indirectly voluntarily accepted that trust and confidence. Defendants were aware that Plaintiffs were in danger of losing the case if they did not have adequate legal representation, and that Plaintiff gave her monies to Defendants with the express intention that Defendants act in Plaintiffs' best interests to ensure that

they did not lose the case Defendants were further aware, as a result of their superior knowledge and experience in law and civil litigation that Plaintiff were totally dependent on Defendants' honesty, integrity, experience, judgment and advice. As a result thereof, Defendants were fiduciaries of Plaintiff.

25. The extent of the fraud perpetrated on Plaintiff by Defendants, as herein alleged, was not discovered by plaintiffs until on or about March 2022, when Plaintiff found out via Email from defense counsel that there was a date set with the court for Brown And Charbonneau's motion to withdraw and defense counsel objected to defendants motion to withdraw leaving plaintiff to fend for herself at trial so close to the trial date. Defendant did this knowing that plaintiff had no other access to money to hire another firm to vindicate her rights at the trial she would have prevailed in. Defendant did this knowing plaintiff would prevail at trial Gregory Brown simply wanted to keep a large sum of plaintiffs money and do very little legal work.

26. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages as follows, Plaintiff has not yet been extended a trial in any of the matters Gregory Brown and his law firm were retained to represent her in. Plaintiff is still ascertaining much damage she has suffered and will continue to suffer do to The willful misconduct and misrepresentations by Gregory Brown and Brown and Charbonneau. Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial. Plaintiffs have further sustained severe emotional and mental distress as a result of worry and anxiety about the possibility of losing all of their assets as a proximate result of the fraudulent actions of Defendants, all to their detriment in an amount not as yet ascertained, but which will be proven at time of trial.

27. In doing the acts complained of herein, Defendants and each of them, acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the express intent to defraud harass and annoy plaintiff. Defendants purposely and maliciously set out to and did deprive plaintiffs of a substantial sum of money as herein alleged. Plaintiffs are thus entitled to an award of punitive and exemplary damages according to proof.

**THIRD CAUSE OF ACTION**

**PROFESSIONAL NEGLIGENCE AS AGAINST DEFENDANT**

28. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 27 inclusive, of this complaint.

29. On or about March 2022, Plaintiffs entered into a contract with Defendant Gregory Brown and his law firm Brown and Charbonneau. The contract specified that Defendant would provide legal services to Plaintiff in a few separate actions pertains to abuse and exploitation plaintiff has suffered at the hands of lawyers and defendants

30. Defendant Gregory Brown had a duty to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise in representing Plaintiffs.

31. On or about March 2022, Defendants Gregory brown and Brown and Charbonneau breached their duty Failing to counsel plaintiff, by failing to prepare discovery, by failing to retain experts in the case, by failing to provide discover served on plastic to plaintiff for review or response, by failing to prepare adequate responses to discovery and requests for Admissions which were directed to Plaintiffs in the case. Several of the responses said only "Unknown" instead of stating that Plaintiffs had made reasonable inquiries and were unable to provide Yes or No response to the

Requests for Admission. Defendants secretly gave random boiler plait answers and objecting to discovery which plaintiff found out about after the fact. Defendants Breached their fiduciary duty to plaintiff in ever possible way by not preparing and serving discovery. Defendant committed legal malfeasance by not preparing and producing plaintiff for her deposition. In addition to their great many wrong doings defendant filed a motion to withdraw from representing plaintiff weeks before trial without even informing plaintiff of his motion to withdraw nor serving her with the motion to withdraw. Plaintiff found out about the motion to withdraw from defense counsel at the eleventh hour.

32. At all times during representation of plaintiff defendants breached their duty by failing to prepare and file and serve Requests for Admissions and other discovery in the case inclusive of but not limited to not taking depositions of defendants. Specifically Defendant Gregory Brown and his firm Brown And Charbonneau failed to serve discovery, requests for admissions or take depositions in the cases in which he represented her. . This resulted in the plaintiff not being able to try the case and prevail in a Prima Facie case of legal mal-practice against another Orange County attorney. When Plaintiff was abandoned in Pro Se in a case where no legal work had been do to advance her case towards trial pontiff was left to defend herself with no legal training against highly experienced lawyers that had intentionally destroyed her case to recover damaged for aggravated personal injuries. All of these lawyers have Quid Pro Quo relationships with one another and have ganged up on plaintiff to steal everything she has and destroy her future in all respects.

33. But for the professional negligence of Defendant Gregory Brown, Plaintiff would not have been damaged as Plaintiff had a meritorious defense in said lawsuits.

34. As a proximate result of the professional negligence of Defendant Gregory Brown as alleged herein, Plaintiff has been damaged as follows, (1) Plaintiffs case was dismissed without a trial. And to date plaintiff has not recovered a single penny owed to her and suffers extreme financial hardship. Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial.

## FOURTH CAUSE OF ACTION

## FRAUD

35. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 5, inclusive, of this complaint, as though set forth hereat.

36. As a proximate result of the FRAUD of Defendant Brown and Charbonneau as PLAINTIFF HAS SUFFERED IRREPARABLE HARM. Gregory Brown defrauded plaintiff into believing he was an experienced trial attorney and could tackle these legal issues with ease, only to turn around and do almost no actual legal work trick plaintiff into providing Almost $200,000.00 to her attorney client account and that all unused monies would be returned to plaintiff.

37. For the most part all defendant did was call plaintiff and ask for more money, talk about his personal life and complain about how he was not receiving more money transfers quickly enough. He never had any intention of actually advocating and trying a case on behalf of plaintiff whom he knew had been victimized repeatedly by her prior lawyers. Gregory Brown saw plaintiff as an easy mark to defraud into believing his firm could adequately represent her in litigation.

## FIFTH CAUSE OF ACTION

## CIVIL THEFT

38. As a proximate result of the Civil theft by Defendant Gregory Brown and His firm Brown and Charbonneau plaintiff continues to experience extreme such extreme circumstances as financial hardship, emotional distress and a total and complete distrust of lawyers . Defendant stole almost $200,000.00 from plaintiffs client trust account after meeting with her in his office when she brought him her legal files.

39. Defendant attorney Greg Brown then states he spoke to plaintiff less than 15 hours on zoom. He failed to complete much legal work of and substance. Besides chatting with his business partners appearing on zoom for less than one hour on one occasion with the court, making zero live in person appearances nor advocating in court plaintiff. Plaintiff remains unaware if defendant ever even left his home on her behalf.

40. Attorney Gregory Brown attended zero mediations, arbitrations or in person hearings on behalf of plaintiff. Mr. Brown never traveled to a single meeting in pursuit of justice for plaintiff when he was allegedly a zealous advocate for plaintiff.

41. Plaintiff has very little evidence that Gregory Brown did even $10,000.00 worth of legal work for plaintiff let alone nearly $200,000.00 worth of legal work.

42. Defendant had the unmitigated gull to charge this amount of money in legal fees and abandon plaintiff in litigation against another lawyer who had intentionally destroyed evidence and harmed plaintiff in a great many egregious ways in a case pertaining to severe personal injuries that plaintiff sustained under circumstances of profound abuse and violence. Plaintiff has no legal training and relied of defendants assertions that he was a very experienced lawyer. Gregory Brown was very aware that plaintiff was suffering with medical complications and thus acted with malice to deceive plaintiff who was in a very fragile state of health.

43. Plaintiff alleges that defendant had no intention of ever adequately representing plaintiff or trying any case on her behalf and only ever intended to swindle her out of as much money as possible. It is not yet clear what defendants relationship is with her prior counsel in which he was retained to sue for legal mal-practice. Plaintiff intends to discover these facts and the damages are for proof at trial.

### FIRST CAUSE OF ACTION

1. Damages according to proof at time of trial;
2. For reasonable attorney fees pursuant to contract
3. For costs of suit herein incurred, and
4. For such other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION

1. Damages according to proof at time of trial;

PROFESSIONAL NEGLIGENCE (LEGAL MALPRACTICE); COMPLAINT

2. For punitive and exemplary damages according to proof at time of trial;

3. For costs of suit herein incurred, and

4. For such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

1. Damages according to proof at time of trial;

2. For costs of suit herein incurred, and

3. For such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

1. Damages according to proof at time of trial;

2. For costs of suit herein incurred, and

3. For such other and further relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION

1. Damages according to proof at time of trial;

2. For costs of suit herein incurred, and

3. For such other and further relief as the Court deems just and proper.

Dated July 14, 2023

*JaneDoe*

Jane Doe