**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01283-DOC-KES                               Date:  October 25, 2024

Title: JANE DOE V. GREGORY BROWN ET AL.

---

PRESENT:      THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [45]**

Before the Court is Plaintiff Jane Doe's second application for a temporary restraining order ("Application") (Dkt. 45). Having considered the arguments, the Court DENIES the Application.

## I.   Legal Standard

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation omitted). A "serious question" is one

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01283-DOC-KES                                    Date: October 25, 2024

                                                                                             Page 2

on which the movant "has a fair chance of success on the merits*." Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). Courts have recognized very few circumstances justifying the issuance of an ex parte temporary restraining order. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

**II.     Discussion**

Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction against the Attorney General of California, the U.S. Attorney General, the State of California, and the United States of America to prevent alleged violations of her rights by state and federal judges. She also requests a stay of all proceedings against Plaintiff, an order mandating Plaintiff's rights be "fully restored and enforced," and an order barring all further adverse actions against Plaintiff among other requests related to purported ongoing litigation across the state. Application at 6-7.

Plaintiff has not shown that she is likely to prevail on the merits. It is unclear from the over 2,000-page Application what claims Plaintiff is bringing, what the facts are, and how they are related to the underlying breach of contract case filed in this Court in July 2023 and dismissed in April 2024 (Dkt. 41). Plaintiff's Application seeks relief from several individuals, none of whom are the defendants named in the underlying dismissed lawsuit. Plaintiff has also not shown that she is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's claims are vague and unconnected to concrete facts. It is not clear who is harming Plaintiff or how the relief she requests would alleviate that harm. Several lawsuits and settlements from nearly a decade ago are mentioned without case numbers. This Court cannot grant Plaintiff the broad relief she requests—including the extreme proposed action of interfering with past and future judgments from state and federal courts—based on these unclear and wide-ranging facts.

**III.    Disposition**

Accordingly, the Application is DENIED.

The Clerk shall serve this minute order on the parties.

                                                                                             Initials of Deputy Clerk: kdu